**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JUAN CARLOS PUENTES PUENTES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2074-J** |
| | ) | |
| **WARDEN OF DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Juan Carlos Puentes Puentes, a noncitizen proceeding pro se,[1] filed a petition seeking a Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C.

---

1 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

§ 636(b)(1)(B), (C). Doc. 3. Respondents filed a response to the petition, Doc. 7, and Petitioner filed a reply, Doc. 8. So, the matter is at issue.

For the reasons set forth below, the undersigned recommends that the Court **GRANT** the petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or otherwise release him from custody.

## I. Factual background and procedural history.

Petitioner is a citizen of Colombia who entered the United States on or around May 4, 2022. Doc. 1, at 12. On May 25, 2022, the Department of Homeland Security (DHS) initiated removal proceedings against Petitioner by filing a Notice to Appear (NTA) with the Immigration Court, charging Petitioner as inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(II).[3] *See* Doc. 7, Ex. 1, at 1. On that same date, DHS ordered Petitioner released on his own recognizance. *Id.* Ex. 2.

On March 4, 2025, an Immigration Judge (IJ) denied Petitioner's applications for immigration relief and ordered him removed to Colombia. *Id.*

---

[3] A noncitizen is inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(II) when, at the time of the noncitizen's application for admission into the United States, they possess a visa that was issued without compliance with the provisions of section 203 of the Immigration and Nationality Act (INA).

Ex. 3. On March 26, 2025, Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals (BIA). *Id.* Ex. 4. To date, Petitioner's appeal remains pending at the BIA.[4]

Immigration and Customs Enforcement (ICE) detained Petitioner on July 7, 2026, at a routine check-in. Doc. 1, at 12. ICE is currently detaining Petitioner at the Diamondback Correctional Facility in Watonga, Oklahoma.[5] Doc. 1; Doc. 7, at 3.

## II. Petitioner's claims.

Petitioner alleges that: (1) 8 U.S.C. § 1226(a) governs his detention and he is entitled to a bond hearing under *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), "with the burden to prove a flight risk or danger to the community falling on the Government;" (2) his detention without notice violates his procedural due process rights under *Mathews v. Eldridge*, 424 U.S. 319 (1976); and (3) that Respondents' failure to provide him with a bond hearing under § 1226(a) violates the INA and the Administrative Procedure Act (APA). Doc. 1, at 9-11.

---

[4] *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 13, 2026).

[5] *See* USCIS, Online Detainee Locator System, https://locator.ice.gov/odls/#/results (last visited Oct. 13, 2026).

Petitioner requests that the Court grant his Petition, order Respondents to either provide him with a bond hearing or immediately release him, prevent Respondents from re-detaining him without proper notice and a change in circumstances, and grant any other relief the Court deems just and proper. *Id.* at 12.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Petitioner is entitled to a bond hearing under § 1226(a).

Respondents do "not dispute that, in light of [*Santillan*] *Quiroz*, Petitioner is detained under § 1226(a)" and that section "permits custody redetermination by an Immigration Judge." Doc. 7, at 4. The undersigned agrees and concludes that a bond hearing is the appropriate remedy. *See, e.g.,*

*Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to §1226(a) are "eligible for bond").

Section "1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). Here, Respondents have not provided Petitioner with an individualized custody determination since his detention in July 2026. Doc. 1, at 12; *see, e.g., Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," he is entitled to a bond hearing under § 1226(a). *Zhakhonov,* 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this

case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).”).

Therefore, the Court should grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner.[6] *See, e.g., Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days “[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).”); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) (“Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).”).

---

[6] Petitioner requests that the Court place the burden on the Government at a bond hearing to demonstrate that he is not a danger to the community or a flight risk. Doc. 1, at 9; Doc. 8. But the Court has previously declined to order burden shifting. *See, e.g., Zhang v. U.S. District Court*, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) (“[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time.”); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (“At this time, the Court declines to place the burden on the government to justify Petitioner’s detention pending removal proceedings.”). So the undersigned similarly does not recommend a burden-shifting framework in this case.

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ within ten days; if they fail to do so, they must release Petitioner.**[7] The undersigned also recommends that the Court order Respondents to certify their compliance by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 20,

[7] Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez v. Grant*, CIV-26-721-D, 2026 WL 2033144, at *2 n.2 (W.D. Okla. July 14, 2026) (declining to address the petitioner's remaining claims after ordering a bond hearing); *Singh v. Cerna*, No. CIV-26-757-R, 2026 WL 1973892, at *1 (W.D. Okla. July 8, 2026) (declining to address the petitioner's due process and "other claims" because the court was granting the petitioner habeas corpus relief on the basis of his statutory claim and directing the respondents to provide him with a bond hearing under § 1226(a)).

2026, in accordance 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[8] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 13th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker*, 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").